# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-269-RJC-DCK

| | | |
|---|---|---|
| **DERRICK NEWSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **PRINSTON PHARMACEUTICAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Consent Motion To Seal Plaintiff's Response In Opposition To, Defendant's Reply Brief In Support Of, And Any Additional Briefing Related To Defendant's Motion To Enforce Settlement Agreement" (Document No. 37) filed April 7, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting no objection from Plaintiff's counsel, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1 SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)** *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision-making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)** *Filing under Seal*. No materials may be filed under seal

except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1. It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been adequately met.

Having considered the factors provided in Local Rule 6.1(c), the Court will grant the motion to seal. However, the Court will also require the parties to file publicly available redacted versions of the documents they seek to seal.

Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Defendant's Consent Motion To Seal Plaintiff's Response In Opposition To, Defendant's Reply Brief In Support Of, And Any Additional Briefing Related To Defendant's Motion To Enforce Settlement Agreement" (Document No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that "Plaintiff's Response In Opposition To Prinston's Motion To Enforce Settlement Agreement" (Document No. 35), "Prinston's Reply Brief In Support Of Its Motion To Enforce Settlement Agreement" (Document No. 36), and any additional briefing related to Defendant's Motion to Enforce Settlement Agreement, be filed and remain under seal until otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that the parties shall file publicly available redacted versions of Document Nos. 35 and 36 and any additional briefing related to Defendant's Motion to Enforce Settlement Agreement. Such documents shall only be redacted to the extent necessary to protect confidential settlement terms. Redacted versions of Document Nos. 35 and 36 shall be filed on or before **April 14, 2020**.

**SO ORDERED**.

Signed: April 7, 2020

David C. Keesler
United States Magistrate Judge