IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-269-RJC-DCK

| | |
|---|---|
| DERRICK NEWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| PRINSTON PHARMACEUTICAL, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Enforce Settlement Agreement" (Document No. 29) filed March 4, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

### BACKGROUND

Derrick Newson ("Newson" or "Plaintiff") initiated this action with the filing of his "Complaint" (Document No. 1) on May 22, 2018. The original Complaint asserted claims against Defendant Prinston Pharmaceuticals, Inc. ("Prinston" or "Defendant"), Plaintiff's former employer, for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (Document No. 1, pp. 5-7).

Plaintiff filed an "Amended Complaint" (Document No. 7) on August 20, 2018. The Amended Complaint retained the original Complaint's claims against Prinston for violation of the FMLA and violation of Title VII, but also added two additional claims for violation of the

Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and wrongful termination in violation of public policy pursuant to the common law of North Carolina. (Document No. 7, pp. 6-9).

On March 28, 2019, the undersigned issued a Memorandum And Recommendation (Document No. 17), recommending that "Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint" (Document No. 12) be granted in part and denied in part. The undersigned recommended that the motion to dismiss be granted as to Plaintiff's claim for wrongful termination in violation of public policy pursuant to the common law of North Carolina, but denied as to Plaintiff's claims for violation of Title VII and the ADA. (Document No. 17). On April 24, 2019, the Honorable Robert J. Conrad, Jr. issued an order adopting the undersigned's Memorandum And Recommendation and granting the Plaintiff leave to file a second amended complaint. (Document No. 18). On May 1, 2019, Plaintiff filed a "Second Amended Complaint." (Document No. 19).

Now pending before the Court is "Defendant's Motion To Enforce Settlement Agreement" (Document No. 29) and the redacted "Brief In Support of Defendant's Motion To Enforce Settlement Agreement" (Document No. 30), both filed March 4, 2020. Notably, Defendant's brief in support of its pending motion was also filed under seal on March 4, 2020 in unredacted form. (Document No. 27-3). Plaintiff Newson filed a *pro se* "Opposition To Defendants[sic] Motion To Enforce Settlement Agreement" (Document No. 35), filed March 31, 2020. Defendant filed an unredacted "Reply Brief In Support of Defendant's Motion To Enforce Settlement Agreement" under seal (Document No. 36) on April 3, 2020. Defendant's reply brief was filed in redacted form on April 8, 2020. (Document No. 40). Plaintiff's *pro se* opposition to Defendant's pending motion was filed in redacted form on April 14, 2020. (Document No. 41). The pending motion has now been fully briefed and is ripe for review.

## STANDARD OF REVIEW

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002). In order to exercise such authority, a district court must first conclude "that a complete agreement has been reached and [it can] determine[] the terms and conditions of that agreement." Id. "[H]aving second thoughts about the result of a settlement agreement does not justify setting aside an otherwise valid agreement." Young v. F.D.I.C., 103 F.3d 1180, 1195 (4th Cir. 1997). Moreover, "the fact that the [settlement] agreement is not in writing does not render it unenforceable." Hensley, 277 F.3d at 540 (citing Alexander v. Indus. of the Blind, Inc., 901 F.2d 40, 41 (4th Cir. 1990)); see also Ford v. Food Lion, LLC, 2013 WL 1320416, at *3 (W.D.N.C. Mar. 29, 2013) (stating that just because "the agreement was not ultimately signed does not bar enforcement"). Given that "the Court's power to enforce is limited to complete agreements[,] it must find that there was a meeting of the minds as to all materials terms; it cannot play the role of final arbiter." Ford, 2013 WL 1320416, at *1.

The requisite determination "[i]n ruling on a motion to enforce a settlement" of whether there was a meeting of the minds derives from "standard contract principles." Moore v. State Farm Ins. Co., 2013 WL 991358, at *1 (W.D.N.C. Mar. 13, 2013); see also Ford, 2013 WL 1320416, at * 1 ("[a] settlement agreement is considered a contract, [] and the Court will look to the objectively manifested intentions of the parties to determine whether such an agreement was reached"). Thus, a district court must determine that the settlement agreement's resolution was preceded by "offer, acceptance, and consideration." Moore, 2013 WL 991358, at *1.

Where "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not

3

enforce a settlement agreement *summarily*." Hensley, 277 F.3d at 540. In that event, the court must "conduct a plenary evidentiary hearing" in order to resolve the factual dispute. Millner v. Norfolk & W. R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981). If, after such a hearing, "a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." Hensley, 277 F.3d at 541.

## DISCUSSION

By the pending motion, Defendant seeks enforcement of the "Confidential Settlement Agreement and General Release" that it filed under seal as Exhibit A (Document No. 27-1) in support of its "Motion To Enforce Settlement Agreement." Defendant contends that the Settlement Agreement "expressly sets forward a complete, binding, and enforceable agreement with all material terms and conditions, including payment and release of claims." (Document No. 29, p. 1). Defendant further contends that "Plaintiff agreed to all material terms and conditions of the Settlement Agreement," and he has "not furnished Defendant's counsel with any basis for rejecting the material terms and conditions of the Settlement Agreement to which he and his counsel previously accepted." Id. at p. 2. Furthermore, Defendant highlights that "counsel for Plaintiff cannot and does not oppose this Motion," thus explaining why Plaintiff's response in opposition to the motion was filed *pro se*. Id. Although the brief supporting Defendant's motion is entirely redacted (Document No. 30), the undersigned has reviewed the unredacted, sealed version of the brief (Document 27-3), as well as the unredacted, sealed version of the reply brief (Document No. 36).

Plaintiff's response in opposition was also filed in redacted form. (Document No. 41). The undersigned, however, has reviewed the unredacted, sealed version of Plaintiff's response. (Document No. 35). Defendant points out in its redacted reply brief that the basis that Plaintiff

4

has for objection to the pending motion is unavailing – Prinston contends that what Newson "*meant to say to his lawyer is not relevant in deciding whether to enforce a settlement agreement.*" (Document No. 40, p. 2). The crux of Defendant's argument is that since "Plaintiff admits that he authorized his attorney to settle the discharge case [the case pending before this Court] at the amount for which the parties[] settled [], and because Plaintiff's Opposition confirms that he does not dispute any other aspect of the Settlement Agreement (or the preceding settlement negotiations)," the Court should grant Defendant's motion and enforce the settlement agreement. Id. at p. 3. Indeed, Defendant points out in reply that Plaintiff's lawyer reviewed the settlement agreement with him two times – and Plaintiff does not "purport that he requested any changes to the Settlement Agreement after his lawyer reviewed it with him twice." Id. at p. 6.

Given that the bulk of the relevant record and the majority of the content of the supporting briefs on this motion are redacted, the undersigned notes at the outset that a thorough review of the record and sealed briefs has been conducted. As a result, analysis of the factors for whether to grant the motion to enforce the settlement agreement necessarily will proceed in summary fashion. The Court is persuaded by Defendant's arguments in its sealed briefs that the motion to enforce the settlement agreement should be granted. In this case, the undersigned concludes that the parties did have a "complete agreement" – there was a "meeting of the minds" on the settlement contract, which was supported by an offer, acceptance by Plaintiff, and consideration. See Hensley, 277 F.3d at 540; Moore, 2013 WL 991358, at *1. Moreover, the terms and conditions of the settlement are expressly laid out in the agreement at sealed Exhibit A. (Document No. 27-1); see Hensley, 277 F.3d at 540. There are no factual disputes between Plaintiff and Defendant in this case about: (1) whether a settlement agreement exists (it does); (2) whether Newson's attorney had authority to enter into the agreement for him (he did, and Defendant points out that Plaintiff "authorized his

5

attorney to settle"); or (3) the terms of the agreement (which, as Defendant points out, the Plaintiff's lawyer reviewed with Newson two times – tipping heavily in favor of enforcement). Id.; (Document No. 40, pp. 3, 6).  No hearing on these issues is therefore necessary given the absence of any factual dispute.  See Millner, 643 F.2d at 1009.  The undersigned concludes that the terms of the settlement agreement and the breakdown of the respective obligations and settlement amount are very clear after a review of the document.  See Harris-Teeter Supermarkets, Inc. v. Hampton, 334 S.E.2d 81, 83 (N.C. Ct. App. 1985) ("[w]hen the terms of a contract are clear and unambiguous the express terms of the contract control in determining its meaning").  Plaintiff does not contest what the terms are or the fact that he authorized his attorney to agree to the settlement on his behalf.

An "apparent change of heart" on the Plaintiff's part does not change the undersigned's conclusion that there was a complete agreement with clear terms and conditions – about which there is no factual dispute.  Id.; see also Young, 103 F.3d at 1195 ("having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement"). Thus, the undersigned respectfully recommends that the motion to enforce the settlement agreement should be granted.  On the issue of attorneys' fees and costs associated with the pending motion, the undersigned is not persuaded that either party should be awarded such costs and fees at this time.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Enforce Settlement Agreement" (Document No. 29) be **GRANTED**.

# TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED.**

Signed: March 9, 2021

David C. Keesler
United States Magistrate Judge