# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00269-RJC-DCK

| | |
|---|---|
| DERRICK NEWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| PRINSTON PHARMACEUTICAL, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant Prinston Pharmaceutical, Inc.'s Motion to Enforce Settlement Agreement ("Motion"), (Doc. No. 29), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 43). The Court has also reviewed all associated filings to the Motion and M&R. To the extent any aforementioned documents were filed under seal, this Court has reviewed the unredacted, sealed versions of such documents. The matter is now ripe and ready for the Court's decision.

## I.    BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II.   STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those

portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Neither party objected to the standard of review for enforcement of a settlement agreement as set forth in the M&R. Nonetheless, this Court has independently reviewed and agrees with the standard of review in the M&R. This Court thus adopts the standard of review for enforcement of a settlement agreement as set forth in the M&R.

## III. DISCUSSION

This Court finds that the Parties' entered into an enforceable settlement agreement and grants Defendant's Motion to Enforce Settlement Agreement.

For a district court to enforce a settlement agreement, a complete agreement must be reached between the parties and there must be a meeting of the minds on all material terms. Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540 (4th Cir. 2002); Ford v. Food Lion, LLC, 2013 WL 1320416, at *1 (W.D.N.C. Mar. 29, 2013). "[H]aving second thoughts about the result of a settlement agreement does not justify setting aside an otherwise valid agreement." Young v. F.D.I.C., 103 F.3d 1180, 1195 (4th Cir. 1997).

Here, it is undisputed (1) the parties reached a settlement agreement, (2) the terms of the agreement where known, and (3) Plaintiff's counsel had authority to accept the settlement agreement on behalf of Plaintiff. See generally, (Doc. Nos. 29–30, 35–36, 40, 43–46). Plaintiff's only objection to the M&R recommending enforcement of the settlement agreement is that the amount Plaintiff told his attorney he would settle the case for (and which Plaintiff's attorney successfully procured) was the "amount [Plaintiff] actually expected to receive and not a gross before court costs, attorney fees and other costs" were taken out. (Doc. No. 44 at 2). In essence, Plaintiff argues that the amount he told his attorney to settle the case for was the total

amount Plaintiff expected to receive, rather than a gross amount before costs were removed. However, Plaintiff admits that he never explicitly told his attorney this and merely "believed that a reasonable man would realize that this [] amount was the amount that I actually expected to receive." Id.

Contradicting Plaintiff's alleged misunderstanding are two facts: (1) it is undisputed that Plaintiff's attorney went over the written settlement agreement with Plaintiff *twice*, (Doc. No. 40 at 6; Doc. No. 43 at 5), and (2) the written settlement agreement clearly showed the settlement amount was gross before costs were removed, (Doc. No. 27-1). Additionally, Plaintiff's opposition to the Motion was filed *pro se*, which Defendant claims was because "counsel for Plaintiff cannot and does not oppose this Motion." (Doc. No. 29 at 2).

Regardless, it is not within the Court's purview to surmise the subjective intentions of Plaintiff in his communications, or lack thereof, with counsel. Here, the undisputed facts show there was a meeting of the minds between the Parties (Plaintiff's counsel and Defendant) as to all material terms in the settlement agreement, and Plaintiff's counsel had authority to enter into the agreement for the exact amount provided. An "apparent change of heart" on the Plaintiff's part does not change the fact that there was a complete agreement with clear terms and conditions—about which there is no factual dispute. See Harris-Teeter Supermarkets, Inc. v. Hampton, 334 S.E.2d 81, 83 (N.C. Ct. App. 1985); see also Young, 103 F.3d at 1195 ("having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement").

Because there are no disputed facts in this case, a hearing on this issue is unnecessary. Millner v. Norfolk & W. R. Co., 643 F.2d 1005, 1009 (4th Cir. 1981) (noting "the authority of a trial court summarily to enforce a settlement agreement and to enter judgment based on that

agreement without plenary hearing."). Accordingly, Defendant's Motion to Enforce Settlement Agreement is **GRANTED**. On the issue of attorneys' fees and costs associated with the Motion, the undersigned is not persuaded that either party should be awarded such costs and fees at this time.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 43), is **ADOPTED**;

2. Defendant's Motion to Enforce Settlement Agreement is **GRANTED**; and

3. The Parties are directed to perform according to the terms set forth in the Settlement Agreement.

Signed: August 25, 2021

Robert J. Conrad, Jr.
United States District Judge